UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**RAYMOND C. MILLER, SR.,**

                            **Plaintiff,**

                 **-v-**                                           **7:10-CV-970 (NAM/RFT)**

**DEREK BELMORE, Deputy Sheriff, St. Lawrence County,**

                            **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Raymond C. Miller, Sr.
11-A-5212
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *pro se*

Hancock, Estabrook LLP
Zachary M. Mattison, Esq., of counsel
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13221-4976
Attorney for Defendant

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

     In this *pro se* civil rights action, plaintiff claims he was wrongfully prosecuted and incarcerated for aggravated harassment, second degree, based on two letters he mailed to his former wife.[1] The charge was ultimately dismissed. Plaintiff argues that the letters did not contain "true threats" and thus he was innocent of the charge. The complaint sounds in malicious

---

[1] N.Y. Penal Law 240.30(1)(a), provides that a person is guilty of aggravated harassment in the second degree when "with intent to harass, annoy, threaten or alarm another person, he or she ... communicates with a person ... by mail ... in a manner likely to cause annoyance or alarm."

prosecution, unlawful confinement, and negligence. It may be read to assert claims for deprivation of plaintiff's First and Fourth Amendment rights under 42 U.S.C. § 1983.

Defendant moves (Dkt. No. 39) for partial summary judgment dismissing any state law claims for failure to comply with the notice of claim requirement of section 50-e of the New York General Municipal Law. Plaintiff concedes that he did not properly serve a notice of claim. He further avers that, in any event, he did not intend to assert any state law claims. Accordingly, defendant's motion is granted, and any state law claims are dismissed. The case will go forward only on plaintiff's federal law claims.

Plaintiff moves (Dkt. No. 46) for appointment of counsel and a telephone conference. The purpose of the conference he requests is to clarify that he seeks to assert only federal claims; such a conference is unnecessary in view of the Court's holding in the preceding paragraph. Assignment of counsel is denied for the reasons set forth by United States Magistrate Judge Randolph F. Treece in his prior order (Dkt. No. 38); moreover, the present record is insufficient to enable the Court to find that plaintiff's claims are likely to be of substance. The motion is denied without prejudice to renewal of plaintiff's request for counsel at some future time. In view of these rulings, plaintiff's motion (Dkt. No. 47) requesting the status of his prior motion is denied as moot.

It is therefore

ORDERED that defendant's motion (Dkt. No. 39) for partial summary judgment is granted and all state law claims are dismissed; and it is further

ORDERED that plaintiff's motion (Dkt. No. 46) for appointment of counsel and a telephone conference is denied without prejudice to renewal of plaintiff's request for counsel at

some future time; and it is further

ORDERED that plaintiff's motion (Dkt. No. 47) requesting the status of his prior motion is denied as moot; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

December 13, 2012
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge